Filed 11/19/13  In re J.H. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>        Defendant and Appellant. | A138802<br><br>(Contra Costa County Super. Ct. No. J1100483) |

**MEMORANDUM OPINION**[1]

Defendant J.H. appeals from an out-of-home placement probation order, following her admission of a third violation of her probation.  Her appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which counsel raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  Counsel has averred defendant has been informed of her right to file a supplemental brief.  We have received no such brief.

We summarize only the facts and procedural background relevant to review of the challenged probation order.  On May 24, 2011, defendant admitted count 3 of an

---

[1] This matter is properly disposed of by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

amended section 602 wardship petition, alleging misdemeanor disturbing the peace (Pen. Code, § 415, subd. (2)). Wardhsip was declared on June 21, and J.H. was placed on probation subject to numerous terms and conditions, including that she serve one weekend in juvenile hall and thereafter reside with her grandmother.

One year later, on May 30, 2012, J.H. admitted a probation violation, namely failing to attend and being suspended from school. Wardship was continued, and she was ordered to complete 30 days of home supervision and attend substance abuse counseling.

Six months thereafter, on December 28, 2012, she admitted a second probation violation, including failing to attend school regularly, smoking marijuana, being dropped from the substance abuse program, and running away from her grandmother's. The probation department recommended out-of-home placement for numerous reasons, including providing J.H. with a structured and rehabilitative environment where her serious mental health issues could be addressed. Wardship was continued, and she was ordered to complete 60 days of home supervision.

Within three months, on March 1, 2013, J.H. admitted a third probation violation—testing positive for THC, cutting off her ankle monitor and running away. The probation department report chronicled J.H.'s extensive history with the juvenile and dependency system, the serious functionality issues of her immediate family (grandmother, mother and two sisters), her lack of attendance at school and her serious mental health needs. The department again urged that J.H. be placed out of the home. Stating J.H. had reached the point where she was "out of control" and was in serious need of treatment, the court agreed with the department's recommendations. Wardship was continued, and this time out-of-home placement was ordered. On May 1, the department reported J.H. had been accepted into the Crossroads program located in Sonoma County, and she was placed there on May 6.

Having reviewed the entire record in accordance with *Wende* and *Kelly*, we agree no arguable issue exists on appeal. J.H. was ably represented by counsel during the third probation violation proceedings. The court acted well within its discretion in ordering out-of-home placement following J.H.'s admission of a third probation violation. It is

apparent from the record the court reviewed the relevant materials before it.  It allowed J.H.'s grandmother to speak on the issue of placement.  And it explained its reasons for ordering out-of-home placement, and made all necessary findings.

We therefore affirm the juvenile court's out-of-home placement order.


_____

Banke, J.


We concur:


_____

Margulies, Acting P. J.


_____

Becton, J.*

*  Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.